Yes, Your Honor. The third case for argument is Priscilla Croxdale et al. versus Travelers Home and Marine Insurance. Case number 25-2454 from the District of Southern Iowa. All right, Mr. Johnson, we'll hear from you first. Thank you, Your Honor. Ken Johnson on behalf of plaintiffs, the Croxdales. May it please the court, counsel. Today we are here seeking a reversal of the district court's decision on the party's cross motions for summary judgment. The motion primarily relied on an interpretation of a policy provision. And on Travelers' motion to dismiss a claim for bad faith, those are tied up. If there's no coverage, there's no bad faith. So we're going to focus primarily on the coverage argument. Just briefly, the facts that are important to this particular exclusion. The Croxdales are an elderly couple. They had left home to go visit their daughter. The gentleman got sick, so they were there a little bit longer than intended. He was ill and had to be in the hospital. Their property suffered a burst pipe, and it wasn't a minor one. It was major. It was hundreds of thousands of gallons of water. It completely destroyed their property for lack of a better legal term. They made the claim immediately when they discovered the loss. They called Travelers. They had an adjuster out. The adjuster inspected the damage and determined that the leak had been ongoing for longer than 14 days, and therefore, they denied the coverage for the claim. There was some back and forth between counsel for both parties saying, hey, what about the 13 days, the first 13 days of the claim? Where's our coverage for that? And therein lies the rub of this case is whether there is coverage for what I'll call that short-term period, those 13 days, or whether if a loss exceeds those 14 days, whether it is entirely excluded. So this provision in the policy contains a limitation on coverage, which isn't uncommon. Policies have tons of limits. There's policy limits. There's sub-limits. There's limits on time, which is exactly what this provision does. It doesn't pay for losses beyond. Fourteen days, however, and to the heart of the bad faith issue, the Travelers policy has an endorsement that actually amends this provision. So we're not actually looking at 14 days. The endorsement that replaces this provision says that the period doesn't extend beyond weeks, months, or years. Said another way, there's coverage for losses that happen under weeks, months, or years, but losses that happen after are excluded, naturally. Fourteen days. What's that? Or 14 days. I mean, didn't the district court say that Iowa-specific language functions essentially the same as the 14-day language? Why is that wrong? Well, I think it's a mistake because, quite clearly, they changed the policy, right? Well, that might be based on a variety of reasons. You need to explain to me why the language that's used results in a different outcome or different interpretation. I actually don't think it would under this set of facts. I think 14 days or a million days is irrelevant because the Crocsdales only sought coverage for 13 days, but it's wrong because the policy was amended. They wouldn't need to amend it, right, if the answer is still 14 days. Why not? I mean, there's all sorts of state-specific language that may rely on a state case. Supreme Court of Iowa may have used particular terminology that the insurance company thinks is better suited. I mean, I don't take that as self-evident at all. Well, if that were true, then, well, first of all, to my knowledge, there is no case to that regard. There's definitely not a statute that says that. But the reason it's important is because 14 days has to mean something different than weeks, months, and years, regardless. Why? Well, because they changed it. If 14 days was the answer, they would have left it at 14 days. But I don't think we actually... So you're saying it doesn't matter for this case? It doesn't. So to that point, the Crocsdales only ever sought coverage for 13 days and nothing beyond that. Which is the governing provision, then, the one that refers to 14 days or longer or the one that refers to a period of weeks, months, or years? Under the rules of policy construction, the endorsement controls. The endorsement specifically replaced the 14-day provision with weeks, months, or years. So that is the controlling provision. The only difference between the two is 14 days and weeks, months, and years. They're the same otherwise. So did this leak occur over a period of weeks, months, or years? It occurred... There's a little bit of a fact dispute between the parties, but it occurred for 30 days. I think we're on board that that is roughly the correct answer. It is... Why doesn't it apply then? Why doesn't the... Well, because the... And I qualify then as occurring over a period of weeks. Well, it did occur over a period of weeks. But the coverage we sought isn't for a period of weeks. The coverage we sought is for the first 13 days of the loss. I agree. Of the loss, not the... So you're saying that the weeks, months, or years kind of relates directly to the loss that's recoverable under the policy? It has to. And the reason it has to... And there are some policies that don't operate this way. If you do... Go ahead. The policy refers to a loss that's caused by a leak that occurs over a period of weeks. Correct. So isn't it a better grammatical reading to think that the 14-day period or the weeks, months, or years period modifies leaks rather than loss or damage? No, and here's why. The policy provision that's at issue here is not a policy exclusion. It's under the losses that we insure. And there's a whole section of exclusion. The policy is mostly that. Almost two-thirds of the policy is that. And if you look into the cases, and you'll see cited from both sides, courts... But it's under a section that says we do not insure, however, right? Correct, but that section applies to limitations. We do not insure for things in excess of, in addition to, over and above. That is a limitation section, not an exclusion section. But, to your point, and courts all over the country have gone different ways on this provision, and it's a unique question in the state of Iowa. Nobody's ever asked the question. But if... Which, I mean, you have a couple cases, right? I mean, have they gone all over the... You've got a Florida Court of Appeals case and an unpublished Tenth Circuit. Is there more out there, or... No, there's a couple of cases cited by opposing counsel... That go the other way, right? Yeah, that go the other way. So, what that, I think, tells us is that a reasonable insured could look at that and go, I've got coverage up until that point. And if Your Honors believe that their interpretation is equally plausible, then the tie has to go to the insured. I think that the Wheeler case out of the Tenth Circuit is probably the right analysis, objectively, not even as an advocate. We have to understand, this is an elderly couple, they didn't get to negotiate the transaction. They bought the policy that was sold. They had a reasonable expectation of coverage. I agree that they don't have an expectation that if that leak lasts for seven years, that that's covered. There's got to be a line somewhere. This policy drew the line, whether we're calling it 14 days, or we're calling it weeks, or we're saying that that's the same thing. The Crotchdale sought coverage for those 13 days. Do you have a question, Your Honor? It looks like you were queued up. I'm just trying to follow the argument. I think you're saying that even though the loss was caused by a leak that occurred over a period of weeks, they're entitled to claim coverage before a period of weeks had elapsed? That's absolutely correct. I think it makes fundamental sense that travelers would draw a line somewhere because if you think of a slow dripping leak, something, a shower is leaking into the basement, but slowly and methodically over a course of time, eventually that damage becomes too much to   I would submit to you here, Your Honor, that the damage on day one from this loss is probably the same as on damage on day 100. But the question is, is whether there's coverage for that short-term loss. The Wheeler case is instructive on that point, and unless Your Honors have further questions, I'd like to reserve the rest of the time for rebuttal. Very well. Thank you for your argument. Mr. Orlando, we'll hear from you. You may proceed. You may adjust that higher on the side. There's a button. There you go. Thank you. Can you hear me? Thank you. Thomas Orlando for Appalachian Travelers. May it please the Court. The District Court should be affirmed because it correctly ruled that the extended leak provision is an exclusion that applies to an entire loss from a leakage of water that occurs over a period of weeks, months, or years. Crocsdale essentially argues two points. One about the structure of the policy or where this provision is placed within the policy, and then one on language, and I want to address the placement first. So in appendix page 24 is the provision of the policy that has the 14-day provision, which is then endorsed to change that language. But in this provision, it says we ensure against risk of direct physical loss to property described in coverages A and B, paragraph 2, we do not ensure, however, for loss, A, excluded under Section 1 exclusions, B, involving collapse, C, caused by, among other things, our provision. The repeated leakage or seepage provision is subparagraph 5 of subparagraph C. Subparagraph 1 uses the word exclusion. In the freezing provision, it says this exclusion does not apply. So make no mistake that the provisions here on this page would say we do not ensure, however, for loss caused by, that's an exclusion. And in fact, while Crocsdale has shown some cases where the repeated leakage exclusion is in the exclusion section of the policy, the section which has the word exclusions, there are other cases that we've cited where the placement of this provision is exactly where it is in this policy. So just to be clear, there is a separate exclusion section of the policy, correct? There is a separate exclusion section of the policy. But in Marsh v. American Family, page 12 of our brief, it has the same structure as this. It has that ensuring provision. It then says loss is excluded under that separate exclusion section. It then has collapse, as we have here. It then has leakage, as we have here. And the court, in that case, called this provision an exclusion, and the court applied the exclusion to the entire loss, which occurred over weeks, months, or years, or in the court's words, over a period of time. Similarly, in Reynolds, which is a case where Travelers was the defendant. What was the case you just were describing? That's Marsh v. American Family. That's at page 12 of our brief. Also at page 12 of our brief is Reynolds v. Travelers. It has a very similar setup as the policy here. It has the ensuring provision. It then says we do not cover. Loss is excluded under section 1, exclusions, like here. And then it goes down to number 6, which has our leakage provision. And the court there referred to all of these provisions as exclusions. Well, maybe the court mischaracterized it. Well, so that gets to what is this provision. So let's talk about the Reynolds case, because I think the facts are instructive. In that case, a waterline, thieves came in, stole appliances. They severed the waterline to one of the appliances, which caused the leak. And in talking about this provision, the court said, critical for our purposes, the court said the grammatical structure of the sentence informs the ordinary person that a loss, because remember the word is loss as used here, caused by the continuous or repeated leakage of water from a household appliance is not covered by the policy if and only if the leakage has occurred over a period of time that may be comprised of weeks, months, or years. The Reynoldses presented evidence tending to show that the theft occurred less than two weeks before it was discovered. So in other words, in that case, the loss, the loss was the leakage of water which occurred once the thieves severed the pipe. That loss was confined, the entire loss was confined to a period of less than two weeks. Counsel has admitted we've got at least a 31-day loss here. The loss here is the leak. It's the period of time during which the water was leaking. The loss is the leak or the loss was caused by the leak? The loss is the leak. How does that help you? The policy says you don't insure for losses caused by a leak. Caused by a leak over a period of months, years. But now you're switching and saying the loss was the leak. The loss is. The loss was the damage to the. So the loss versus damage, that's a critical distinction and that's where Wheeler went wrong. You're saying the loss was the leak or the loss was caused by the leak? The loss was caused by the leak. The leak occurred over a period of weeks, months, or years. I thought you were arguing. Yes. But then you were switching and saying the loss was the leak. The loss was caused by a leak which occurred over a period of weeks, months, or years. In Wheeler, the court in analyzing this provision inserted the word damage into the discussion replacing loss with damage. So that's where Wheeler goes wrong. Wheeler talks about the damage. Counsel has said that, well, it doesn't matter how long the leak occurred because the damage here was caused within the two weeks. Well, that's not in the record. What we know is that the water leaked for 31 days. There's nothing in the record that says 100% of all the damage was done within the first 14 days. Well, it's probably fair to assume that most of it was. Well, I don't know if it's fair or not because if you have an ongoing water leak, water does – Well, okay. A fair amount of it. It creeps. It expands. In any event. There was a fair amount of water here and so that will lick up further walls and carpeting and so forth. So water will continue – can continue to do more damage over time. That's simply not in the record. So if the leak had been discovered after 13 days and stopped, then there would have been coverage. Had the leak been discovered within the first 14 days or 13 days or less, then there would have been coverage because the exclusion wouldn't apply at all. Well, it's not an exclusion, but the provision saying we do not ensure would not have applied. That's correct. I mean, we believe it's an exclusion, but I also think there – Why do you have a section that says exclusions then? If this is an exclusion, why is it in there? Because it happens to be in this provision, but again, if you look at where it appears on page 24 in the appendix, the word exclusion is used. So if you look at the sub 2C caused by sub part 1 freezing, blah, blah, blah, this exclusion does not apply. So it does use the word exclusion within that page, and courts have held that this is an exclusion. But putting the semantics aside, the – what this doesn't cover is a loss, an entire loss that occurs over a period of weeks, months, or years. If the entire loss is less than two weeks, then there's coverage. Well, they're not trying to recover for the entire loss. They're trying to recover for – That's their theory. They're trying to recover for the damage that occurred within the first 13 days of a leak that lasted for 31 days. And yet, so that's not how the provision works, but let's assume that Wheeler's correct. Let's assume for the question that Wheeler's correct. Why do you have to switch to the word damage? Why can't you just say there, recover for the loss that occurred? Because that's what they've argued. They've argued that all of the damage was complete. All of the damage from this leak was complete within the first 13 days. That's what – and they're relying on Wheeler for that argument. And that's what Wheeler said. Wheeler specifically said that the damage was complete. I thought they were arguing that some of the damage undoubtedly occurred during that first 13 days, and that's what they're seeking payment for. I didn't take them to be arguing that all the damages necessarily – damages necessarily occurred during that time period. Am I misunderstanding it? I think I'm struggling with the distinction between loss and damage that you're using. Well, I'm not clear on what their argument is because I think they've argued in the brief that they have an estimate for $200 and some thousand, which is the entire area of their loss, and they say that all occurred within the first 13 days. All right. But they seem to be saying if you could show that some of it happened later, they wouldn't recover for that. That's what they're saying. Yeah. But nothing in the record establishes that – how much damage did occur within the first 13 days. Why wouldn't that be a valid legal theory is our question. Well, because again, the provision excludes all loss that occurs when the leakage occurs over a period of weeks, months, or years. All the cases we cite in our brief say that. Wheeler is the only exception. There's the Hicks case, but it really doesn't analyze the provision. Wheeler's the only case in their favor, and it had a very compelling dissent that argues the cases that we have cited elsewhere in our brief. This is a – the provision, whether it's called a limitation or an exclusion, excludes or limits an entire loss if the loss, the leakage of water, occurred over a period of weeks, months, or years. And that's our situation. It was 31 days. I just have a curiosity. The Iowa endorsement strikes me as odd. Any idea what they were getting at there since weeks would be – two weeks would be 14 days? It's a good question, Your Honor, and it's not in the record, so I can only offer my thoughts. But as you can tell – It's just my curiosity. No, it's – I understand. My understanding or belief is that if you look at the case law, all of the cases that were brought over this issue of what the 14-day provision meant, I think the travelers changed the language to make what they believed was already very clear about what this exclusion or this provision provided, to make it even more clear than they already thought it was because of the numerous cases that have been brought over the 14-day. You're saying the goal was to make it more clear. To make it clearer than it already is. I mean – I'm not sure it worked with me, but – I'm sorry? I'm not sure it worked with me, if they achieved their ends. But anyway – But both – the courts have upheld both meaning the same thing. Understood. Thank you, Judge. All right. Thank you for your argument. We'll hear a brief rebuttal. I don't think I've ever felt shorter in my life. All right. Thank you, Your Honors. I think that this question about damage, loss, occurrence is really where all of us as lawyers are confused because this isn't written very well. No offense to travelers. If you look to page 3 of the policy, it defines occurrence as an accident. This is what the policy covers. Accidents. The accident was the leak. The damages that the leak caused are how much loss the Crocsdale suffered. The plain meaning of loss is what did you not – what do you not have now that you had before that was taken from you? That's what loss is. The exclusion doesn't pay for losses that happen beyond 14 days. It doesn't say we exclude the whole event. Watch how easy it is to write this language. I did it in 10 seconds listening to oral argument. If the loss lasts longer than 15 days, we don't cover any of it. It is that simple to write that provision. Travelers has an army of lawyers. The Crocsdales are an elderly couple. This coverage question has to be answered in favor of finding coverage under Iowa law if it's at all possible. If you think you can read it both – I'm not sure this matters, but do you understand loss and damages to be – to have the same meaning for purposes of your argument in the policy? I don't think that the policy defines either one of them. The operative language that we're looking at in this provision is loss. Loss is how much I lost. We as lawyers characterize that as damages. But you've used damages in your brief, haven't you? Yes. I think the terms are almost interchangeable. That was my question. But I don't think the policy defines them. So the issue we have here is, just in summation, the words of this policy have to matter. Weeks, months, or years has to matter. The Crocsdales are only seeking coverage for 13 days. That's not weeks. That's not months. That's not years. They experienced tremendous loss during that time. They should be compensated for it. Any reasonable policyholder who read that policy would think that they were covered for that period. And with that, I have nothing further, and I thank the Court for its time. Very well. Thank you for your argument. Thank you to both counsel. The case is submitted, and the Court will file a decision in due course. Thanks. Thank you.